IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLADYS PEREZ, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, | : | NO. 06-674 |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this *10th* day of *July*, 2008, upon consideration of Plaintiff's Request for Review (Docket No. 7), Defendant's Response to Plaintiff's Request for Review (Docket No. 11), Plaintiff's Reply Brief (Docket No. 12), the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Docket No. 14), Plaintiff's Objections thereto (Docket No. 16), and Defendant's Response to the Objections (Docket No. 17), and upon careful consideration, under the "substantial evidence" standard of review,[1] of both the entire record and

---

[1] Judicial review of a decision from the Commissioner of Social Security decision is limited to determining whether "substantial evidence" supports the decision. Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-565 108 S. Ct. 2541, 2550 (1988)). In making this determination, a reviewing court may not undertake a *de novo* review of the Commissioner's decision and may not re-weigh the evidence of record. Monsour, 806 F.2d at 1190. In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. at 1190-91; see also Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the

the ALJ's opinion it is hereby **ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation are **OVERRULED;**

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review is **DENIED**; and

4. **JUDGMENT** is **ENTERED** in favor of Defendant and against Plaintiff. This case is now closed.

It is so **ORDERED**.


BY THE COURT:


 *s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, J.

---

Commissioner's findings of fact." (quoting <u>Schwartz v. Halter</u>, 134 F. Supp.2d 640, 647 (E.D. Pa. 2001))).

The ALJ issued a decision that clearly weighed the evidence of the record and cited to substantial evidence sufficient to justify his findings regarding Plaintiff's condition. Although Plaintiff challenged the ALJ's finding of non-severity as to her "fibromyalgia" and "headaches, " the Magistrate Judge thoroughly and correctly addressed these claims. Plaintiff raises no new arguments in the Objections.